The Honorable Dave Bisbee State Representative 14068 Pyramid Place Rogers, Arkansas 72758
Dear Representative Bisbee:
This is in response to your request for an opinion on two questions relating to county coroners. You have asked specifically for an enumeration of the "investigative responsibilities" of a county coroner, and for an opinion on who has "authority at death scenes."
Documents included with your request indicate that there is disagreement on these questions among the county coroner, the prosecuting attorney, and law enforcement officials in Benton County. In particular, the Benton County coroner, Mr. Larry Guenther, disagrees with statements made by the prosecuting attorney for the Nineteenth Judicial District, Mr. Brad W. Butler, in a letter to local law enforcement officials. In the letter, Mr. Butler notes that A.C.A. § 14-15-302(a) (Cum. Supp. 1993) provides that "[a] coroner's investigation does not include criminal investigation responsibilities" but that a coroner shall assist law enforcement officials "upon request." Mr. Butler concludes that "the coroner has no right to be in or on a crime scene secured by law enforcement officers." He also states that law enforcement officers "have the legal authority to make the coroner wait as long as necessary for your completion of your death scene investigation" before permitting the coroner access to the death scene.
With respect to your first question, A.C.A. § 14-15-301 (Cum. Supp. 1993) provides:
 When a death is reported to the coroner, he shall conduct an investigation concerning the circumstances surrounding the death of an individual and gather and review background information, including, but not limited to, medical information and any other information which may be helpful in determining the cause and manner of the death.
In carrying out his investigation into the cause and manner of death, a county coroner is authorized to issue subpoenas to secure pertinent records and relevant testimony. A.C.A. § 14-15-302(b)(2). If he is qualified to do so and if an investigation into the cause and manner of death is required by the statute, he may take toxicological samples from the body in order to determine the presence of chemical agents which may have contributed to the cause of death. A.C.A. § 14-15-302(c)(1). The statute also provides that a county coroner "shall be given access to all death scenes" in order to carry out his investigation into the cause and manner of death. A.C.A. § 14-15-302(b)(1).
In my opinion, law enforcement officials must give the county coroner access to all scenes of deaths with respect to which the coroner is required to carry out an investigation pursuant to A.C.A. § 14-15-301. As noted above, such access is mandated by A.C.A. § 14-15-302(b)(1).
It is true that a coroner's investigation does not include "criminal investigation responsibilities." A.C.A. § 14-15-302(a)(1). I take this phrase to mean, primarily, that the coroner is not responsible for determining the identities of persons who commit crimes resulting in death. In undertaking his investigation into the cause and manner of death, however, the coroner must satisfy himself as to whether the death was the result of a crime. See A.C.A. § 14-15-303 (Cum. Supp. 1993). He is required by statute to "gather and review . . . any . . . information which may be helpful in determining the cause and manner of death." A.C.A. § 14-15-301. Finally he is authorized, if qualified and if an investigation is required, to take toxicological samples. A.C.A. §14-15-302(c). In my opinion, some or all of the coroner's duties and authority may be meaningfully carried out and exercised only at the scene of the death, depending upon the particular facts and circumstances of each case. For example, a death that might appear innocent if the body were merely viewed in isolation away from the scene of death might clearly warrant further investigation when viewed in the context of the scene of death, and vice versa. Again depending upon the facts and circumstances of each case, certain information and samples may be of limited or no value to the coroner's investigation if not gathered at the scene of death.
A question remains with respect to the time at which the coroner must be given access to the scene of death. Obviously, cooperation and agreement among the coroner and those law enforcement officials at the scene is desirable and would permit each to perform his investigatory duties as fully and efficiently as possible, taking into account the inevitable conflicts and inconveniences that will occur when two distinct investigations must be carried out at the same place and time.
In my opinion, law enforcement officials must give a coroner access to a scene of a death that must be investigated by him at a time that is reasonable in view of all the facts and circumstances surrounding the particular death. Coroners must be given access to scenes of death "in order to perform the duties set forth" in the statutes discussed above. A.C.A. § 14-15-302(b)(1). In my view, an unreasonable delay in gaining access to a scene of death may frustrate the coroner's investigation in ways similar to those discussed above in the context of a denial of access. It is impossible for this office to articulate a more precise rule when the legislature has not spoken to the issue. In my opinion, however, it is not accurate to say that the coroner must, in every case, wait until law enforcement officers have completed their investigation in order to gain access to the scene of death. Law enforcement officers have vital duties to perform at death scenes, and they may need to spend extended periods of time there in certain cases. They should do so, but they must also give the coroner access to the scene at a time that will not unreasonably hinder or frustrate his statutorily-mandated investigation, regardless of whether their investigation has been completed.
With respect to your second question, reference should, again, be made to A.C.A. §§ 14-15-301 to -303. The coroner's duties and authority include conducting an investigation into the cause and manner of death (A.C.A. §14-15-301), including gathering any information that may be helpful to making the necessary determination (A.C.A. § 14-15-301) and having access to the scene of the death (A.C.A. § 14-15-302(b)(1)); assisting "any law enforcement agency or the State Crime Laboratory upon request" (A.C.A. §14-15-302(a)); taking toxicological samples if qualified (A.C.A. §14-15-302(c)(1)); and releasing the body for final disposition in accordance with A.C.A. § 14-15-303. See Op. Att'y Gen. 94-107. In my opinion, all other authority and responsibility at a scene of death will be that of the law enforcement officials and prosecuting attorney having jurisdiction.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General J. Madison Barker.
Sincerely,
WINSTON BRYANT Attorney General
WB:JMB/cyh